NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
ASHLAND

CIVIL ACTION NO. 05-CV-098-HRW

GUSTAVO SOSA ALEJO                                                                          PETITIONER

VS:                          **MEMORANDUM OPINION AND ORDER**

TERRY O'BRIEN, Warden                                                                   RESPONDENT

\* \* \* \* \* \*

Gustavo Sosa Alejo, an individual presently confined at the Federal Correctional Institution (FCI) in Ashland, Kentucky, has paid the district court filing fee and submitted a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241.

The matter is before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

This is a *pro se* petition and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* petition must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983).

CLAIMS

The petitioner claims that the Bureau of Prisons ("BOP") has wrongly denied him court-ordered credit toward his sentence for pre-sentence time which he spent in county jail(s) in service of a state sentence.

ALLEGATIONS OF THE PETITION

The petitioner has submitted a typewritten petition and attached documentary exhibits. Record No. 1. The following is a summary or construction of the petitioner's allegations therein.

The petitioner was arrested by local authorities on October 8, 1996, in Ft. Myers, Florida, on a controlled substance charge. On November 14, 1996, he was "borrowed" from state custody by federal authorities on a writ of habeas corpus *ad prosequendum* and on August 12, 1997, he was returned to the state. Although the state did not pursue the drug charge, the petitioner was required to serve a term in jail for violating his probation, from August 15, 1997 to November 17, 1997. After his release from the state term, on November 18, 1997, the petitioner was turned over to federal authorities.

A few months later, on February 20, 1998, after a guilty plea, the petitioner was sentenced to 121 months' imprisonment in the United States District Court for the Middle District of Florida, Docket Number 96-90-CR-FTM-23, for Conspiracy to Possess with Intent to Distribute Cocaine Base. The petitioner states that the federal Court ordered that he be credited with his pre-sentencing confinement in state custody.

The petitioner alleges that upon his surrender to BOP custody, the agency originally gave him jail credits toward his federal sentence for the entire period between his October 8, 1996 arrest until his federal sentencing on February 20, 1998; and he attaches a copy of a BOP print-out dated June 11, 1998, which confirms a 500-day credit as Exhibit [hereinafter "Ex."] A. This computation was changed at some point. The petitioner attaches a print-out from June 7, 2004, showing a different computation. Ex. B. A June 15, 2004, print-out (Ex. C) shows that the BOP's final decision was to give the petitioner a credit of 405 days toward his federal sentence for two separate periods of

time: (1) from his arrest on October 8, 1996, through August 14, 1997, when he began serving the state sentence for probation violation; and (2) from the date of his transfer from state to federal custody the following November 18, 1997, until his federal sentencing on February 20, 1998. Alejo was not permitted credit, however, for the period from August 15th through November 17th of 1997, when he was serving the time for his probation violation in jail.

On December 19, 2004, the petitioner began the administrative remedy process to re-obtain the jail credits from August 15th through November 17th. The attached documents from that effort reveal that the BOP's position at all levels was that 18 U.S.C. §3585(b) permits pre-custody credits only for time in official detention "that has not been credited against another sentence." *Id.* Because the jail stay from August 15, 1997, to November 17, 1997, was credited to his state sentence for violation of probation, it cannot be credited to him under the language of the statute and BOP policy. Ex. D - H.

The petitioner emphasizes that the federal court ordered that he receive prior credits toward his sentence for the time he spent in state custody  He argues that the BOP is not empowered to unilaterally eliminate a section of court-ordered credits, under the purported authority of §3585(b), and thereby increase a prisoner's sentence. It was the government's responsibility to appeal the sentence; the government did not do so; and the BOP, a governmental agency, cannot eliminate the credits. As authority for his position, the petitioner cites United *States v. Kiefer*, 20 F.3d 874 (1994); *Brown v. Perrill*, 28 F.3d 1073 (10th Cir. 1994); and *United States v. Dorsey*, 166 F.3d 558 (1999).

DISCUSSION

The Court begins with the statute directing the award of credits for time spent in detention prior to a prisoner's beginning to serve his sentence at a BOP facility. The statute reads in pertinent part as follows:

    **(b) Credit for prior custody.** -- A defendant shall be given credit toward the service of a

3

  term of imprisonment for any time he has spent in official detention prior to the date the sentence commences --
    (1) as a result of the offense for which the sentence was imposed; or
    (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

  *that has not been credited against another sentence*.

18 U.S.C. §3585(b) (emphasis added).

  By the clear terms of the statute, Congress has limited the available credits in two ways, *i.e.*, credits may be given only for time in "official detention" and for only such time "that has not been credited against another sentence." *Id.* In *United States v. Wilson,* 503 U.S. 329, 333-35 (1992), the Supreme Court held that only the Attorney General, not the district court, is empowered to calculate §3568 credits after the prisoner begins to serve his sentence.

  Thereafter, the federal courts are permitted to review the correctness of such a calculation. *Id.* A district court may also grant a petitioner equitable relief under 28 U.S.C. §2241. *Wright v. United States Board of Parole*, 557 F.2d 74, 77 (6th Cir. 1977). Equitable arguments have routinely been presented in habeas proceedings. *See United States v. McBride,* 21 F.3d 429, 1994 WL 108989 (6th Cir. 1994) (unpublished); *United States v. Trent*, 989 F.2d 501, 1993 WL 78767 (6th Cir.), *cert. denied*, 508 U.S. 945 (1993) (unpublished).

  With regard to the claim *sub judice*, on its face, 18 U.S.C. §3585(b) precludes the BOP from the "double counting" of credits which the instant petitioner seeks, because all of the time from August 15th through November 17th of 1997 was credited to a state sentence, specifically his sentence for probation violation. Therefore, the petitioner is not entitled to have the time also credited toward his federal sentence.

  The instant petitioner, however, claims that in his case the federal court ordered the award

4

of the pre-sentence credits, an order which the BOP had no authority to undermine. In making this claim, the petitioner has borrowed words from another case in another circuit, as follows:

> . . . [W]e are concerned here not with the granting of a credit but rather with an increase in the term by a withdrawal of a credit. . . [T]he statute does not permit the Attorney General to unilaterally eliminate the credit by administrative action and increase a term once it has been provided *expressly* by the sentencing court. If the Attorney General felt that its power had been improperly usurped by the trial court by the granting of the credit, then the requisite course of action was to appeal the decision, not simply alter the sentence in accord with the Attorney General's analysis of what was the correct sentence.

*Brown v. Perrill*, 28 F.3d at 1075-76 (emphasis added).

The *Brown* case, like the other two out-of-circuit cases cited by the petitioner, involves the seeming conflict and interplay between the power of the sentencing court to order concurrent sentences and reduce the federal sentence by time the defendant spent in state custody prior to the federal sentencing, pursuant to Application note 2 to United States Sentencing Guideline ("U.S.S.G") §5G1.3(b), on the one hand, and the statutory grant of authority to the BOP to calculate credits for such time, pursuant to 18 U.S.C. §3585)b), on the other.

The principles discussed in *Brown* and the other cases, however, simply do not apply herein for several reasons. First, as to the facts, the instant petitioner is either misrepresenting or misunderstanding his sentence. His 8-page Judgment in *United States of America v. Alejo*, No. 96-90-CR-FTM-23, Docket Entry 197, dated February 23, 1998, in the United States District Court for the Middle District of Florida, merely imposes a 121-month sentence. Docket Entry No. 197. The Judgment does not provide for concurrent state and federal sentences; nor does it contain any reference to U.S.S.G. §5G1.3(b) or to an application of note 2 thereof; nor does it mention any other guideline/authority regarding pre-custody credits.

Therefore, without such factors and unlike all of the petitioner's cited cases, the instant case

contains no conflict between the two bodies empowered to grant the sentence credits sought herein; nor is there presented any conflict between their respective authorities to grant the credits. Additionally, Petitioner Alejo's case does not present the equities presented in *Brown* (28 F.3d at 1074-75). Thus, there is no equitable reason for granting relief from the sentencing court's sentence or from the BOP's denying credits for the time credited toward his state sentence.

Even if there were a demonstrated conflict between the sentencing court's directions and the BOP's actions, the plaintiff would be in a different situation and his recourse would be different. As the federal courts have noted in similar cases, the posture of the case affects the applicability of the case law. The Fifth Circuit has written as follows:

> . . . [R]eliance upon *Dorsey* and *Kiefer* and application note 2 to §5G1.3 is misplaced. Those cases were both direct appeals. Whether the district court should have reduced his sentence pursuant to §5G1.3 is an issue that challenges the correctness of his sentence and as such should have been raised on direct appeal or in his first motion to correct an illegal sentence pursuant to 28 U.S.C. §2255. The district court did not err in construing his §2241 petitioner as a §2255 motion. Section 2255 did not offer an adequate and ineffective remedy.

*Smith v. United States*, 31 Fed.Appx. 155 (5th Cir. 2001) (not reported). *See also Easley v. Stepp,* 5 Fed.Appx. 541, 543 (7th Cir. 2001) (not reported) ("If [the §2241 petitioner] has concerns about how the sentencing guidelines were applied in his case, the appropriate vehicle to seek relief is a motion under 28 U.S.C. §2255.").

In the case *sub judice*, Petitioner Alejo has asked this Court to grant him credits toward his federal sentence for time which was already credited to his state sentence. As this request is clearly barred by operation of 18 U.S.C. §3585, the BOP has not erred, and the requested petition for writ of habeas corpus will be denied.

## CONCLUSION

Accordingly, the Court being advised, **IT IS HEREBY ORDERED** as follows:

(1) The instant petition for writ of habeas corpus is **DENIED**;

(2) the petitioner's claim for credits toward his federal sentence for August 15, 1997, through November 17, 1997, time which was already credited to his state sentence, is **DISMISSED WITH PREJUDICE**, on the ground that such credits are prohibited by 18 U.S.C. §3585, but with respect to any basis for equitable relief, this matter is **DISMISSED WITHOUT PREJUDICE**; and

(3) a contemporaneous judgment shall be entered in favor of the respondent.

This August 10, 2005.

Signed By:
*Henry R Wilhoit Jr.*
United States District Judge